**FILED**
**Aug 10, 2023**
**02:24 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| June Ruggieri | ) Docket No. 2020-06-1452 |
| | ) |
| v. | ) State File No. 37474-2020 |
| | ) |
| Amazon.com, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Certified as Final

---

This is the second appeal in this matter. The employee alleged a work-related injury to her right shoulder when she moved a heavy package from a shelf. The employer initially provided medical care but later denied the claim, asserting the employee failed to give timely notice of her alleged injury. At an expedited hearing, the employee sought temporary disability benefits, medical benefits, and attorneys' fees for the employer's alleged wrongful denial of the claim. The trial court determined the employee was likely to prevail at trial in showing that she provided timely verbal notice, that she had a reasonable excuse for not providing written notice, and that she suffered an injury arising primarily out of the employment. The court awarded medical benefits but denied temporary disability benefits and delayed ruling on her request for attorneys' fees until a hearing on the merits and final determination as to the compensability of the claim. In the first appeal, we affirmed the trial court's interlocutory order. At trial, the court concluded the employee had proven by a preponderance of the evidence that her injury arose primarily out of her employment. The court awarded permanent partial disability benefits, future medical benefits, mileage reimbursement, payment of past medical bills, and a period of temporary total disability benefits. The court also awarded attorneys' fees for the employee's attorney's efforts to enforce the employer's compliance with the previously appealed court order. It declined, however, to award attorneys' fees for the employer's alleged wrongful denial of the claim. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

J. Allen Brown, Nashville, Tennessee, for the employee-appellant, June Ruggieri

1

Kristen Stevenson, Knoxville, Tennessee, for the employer-appellee, Amazon.com, LLC

**Factual and Procedural Background**

June Ruggieri ("Employee") worked the night shift at Amazon.com, LLC ("Employer"), as a package handler. On the evening of May 5, 2020, Employee was moving a heavy package from a high shelf when it fell and pulled her right arm down, resulting in an injury to her right shoulder. Employee testified that she "felt the tear" but continued to work, hoping it would get better. She started work the next evening but left early due to pain.

Employee testified that she eventually told a manager about her injury on May 25 and completed a first report of injury for Employer. On the accident form, Employee indicated "5/25/20" as the date she reported the incident but later clarified that she meant that was "the day that I filled out the form." Employee also noted on the form that the incident occurred on "5/7/20."[1] Employee was seen at the Skyline Hospital Emergency Room and testified she was restricted from work until she saw a provider for a follow-up appointment.

Thereafter, Employer provided a panel of physicians, and Employee selected Dr. Harold Nevels as her authorized treating physician. Dr. Nevels evaluated Employee on June 4, 2020, and diagnosed her with a shoulder sprain, specified it was work related, and provided a referral to an orthopedist, Dr. Kyle Joyner. Employer did not authorize the referral or offer a panel of orthopedists; instead, it denied the claim on July 2, asserting Employee provided a "late report" of injury. Employer also provided a letter to Employee in which it noted that the denial was based on "medical information secured, the facts of the accident, and the provisions set forth in the Workers' Compensation Act."

Employee continued working and eventually saw Dr. Joyner on her own in March 2021. Dr. Joyner ordered an MRI, which indicated Employee had a full thickness tear of the anterior supraspinatus tendon in the right shoulder for which Dr. Joyner recommended surgical repair. Employee's counsel subsequently sent a letter to Dr. Joyner requesting his medical opinion as to whether the right shoulder condition for which he was treating Employee was "more than 50% related to her on the job injury at [Employer] in May of 2020." Dr. Joyner checked "[y]es," explaining the injury was "likely secondary to" the lifting incident Employee had described.

Thereafter, Employee filed a request for an expedited hearing in which she sought temporary disability and medical benefits as well as attorneys' fees for Employer's

---

[1] As we observed in our previous opinion, Employee later testified that this date was an error as she did not have her calendar with her when filling out the form and that the actual date of her injury was May 5, 2020. For purposes of this appeal and our decision, this discrepancy is immaterial.

allegedly wrongful denial of her claim. At the expedited hearing, Employee sought an order compelling Employer to provide medical care with Dr. Joyner as well as payment of past medical expenses, temporary disability benefits, and attorneys' fees for the employer's alleged wrongful denial of the claim.[2] The trial court concluded that Dr. Joyner's opinion was corroborated by Employee's description of the work accident. In addition, the court noted that Dr. Nevels was an authorized physician and completed a form at Employer's request on which he checked a box characterizing the injury as "work-related." Stating that Employer "offered no contrary medical proof," the court concluded Employee was "likely to show at a hearing on the merits that she suffered an injury arising primarily from employment."

Following the expedited hearing, the court also determined that Dr. Nevels referred Employee to Dr. Joyner, noting that Employer "ignored the referrals" and "failed to either offer a timely panel of orthopedists or authorize treatment with Dr. Joyner." The court ordered Employer to provide medical treatment with Dr. Joyner as the authorized physician. In addition, the court concluded that Employee had not established entitlement to temporary disability benefits and denied those benefits "at this time." Finally, the court held Employee's request for attorneys' fees in abeyance, noting that when an employer denies a claim or refuses to initiate benefits "based on a reasonable interpretation of facts available to it at the time the claim is denied, even if that denial is later found to be wrongful, the court should delay an award of attorney's fees until the litigation has run its course and there is no longer a question as to the compensability of the claim." *Citing Travis v. Carter Express, Inc.*, No. 2018-03-0237, 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *14 (Tenn. Workers' Comp. App. Bd. June 24, 2019). On appeal, we affirmed the trial court's interlocutory order.

Following our remand, Dr. Joyner performed a right shoulder surgical repair and eventually placed Employee at maximum medical improvement in March 2022. Later, following a pretrial hearing, the trial court noted in a pretrial order that "issues for trial would be medical causation and permanency, as well as attorney's fees." The trial court also noted in the same order that Employer "no longer plans to raise a notice defense, even if it is checked as an issue on the dispute certification notice." Neither party raised an objection to the court's statements regarding the issues to be addressed at trial.

A compensation hearing occurred on February 8, 2023, after which the trial court issued an order in which it concluded Employee had proven by a preponderance of the evidence that her shoulder injury arose primarily out of her employment. The court awarded permanent partial disability benefits, future medical benefits, mileage reimbursement, payment of past medical bills, and temporary total disability benefits from

---

[2] At the expedited hearing, the trial court determined Employer had received verbal notice of the incident on two occasions and concluded Employee was likely to prove at trial she had a reasonable excuse for not giving written notice within fifteen days as provided in Tennessee Code Annotated section 50-6-201(a)(1).

May 20 through September 22, 2021. In addition, the court awarded Employee's counsel attorneys' fees for his "efforts to compel [Employer's] compliance with a court order, but not for [Employer's] purported wrongful denial of the claim." Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

Employee raises four issues in her notice of appeal, which we have consolidated and restated as: (1) whether she is entitled to additional periods of temporary total disability benefits; (2) whether she is entitled to reasonable attorneys' fees for the purported wrongful denial of her claim; and (3) whether she is entitled to reasonable attorneys' fees for work performed by her attorney from the date of trial through the filing of this appeal and for prosecution of the appeal and "any subsequent work required at trial court." In its brief on appeal, Employer raises four additional issues, including (1) whether the expedited hearing transcript can be considered on appeal when it was not included in the technical record at trial; (2) whether Employee waived her claim or failed to prove an entitlement to temporary disability benefits at the compensation hearing; (3) whether Employee is entitled to reasonable attorneys' fees based on an alleged "wrongful denial" when she did not meet her burden of proving that the denial of the claim was "erroneous, incorrect, or otherwise inconsistent with the law or facts at the time the denial decision was made"; and (4) whether Employee's appeal is frivolous. We elect to address one of Employer's issues first.

### *Expedited Hearing Transcript*

As an initial matter, Employer contends we cannot consider the arguments Employee offers based on the expedited hearing transcript because it was not included in

the technical record at trial. Employer argues that any and all references Employee cited to the expedited hearing transcript should be struck and not considered. Specifically, Employer contends that Employee knew the transcript was not part of the technical record prior to the compensation hearing and understood it would not be considered by the trial court in its review of the issues before the court. In addition, Employee did not request that the transcript be included in the technical record at the compensation hearing and did not file a motion before or after the transfer of the record to the Appeals Board regarding inclusion of the expedited hearing transcript in the record on appeal.

Conversely, Employee asserts the expedited hearing transcript was filed with the Court of Workers' Compensation Claims on July 9, 2021, and, as such, it was automatically part of the trial court's file. Employee further argues that "[t]estimony filed by one party with the Court of Workers' Compensation Claims without objection by the opposing party is part of the record of the case." Further, she contends that courts routinely take judicial notice of testimony heard and exhibits admitted into evidence at prior, in-person hearings. She asserts that the trial court's decision, sua sponte, to admit into the record testimony heard and exhibits admitted into evidence at the expedited hearing in one case, but to exclude them, sua sponte, in another is "arbitrary and capricious." Finally, Employee claims the trial court's actions violated her right to procedural due process in two ways: (1) she was denied notice that a filed expedited hearing transcript and interlocutory order would be "struck from the record"; and (2) the trial court erred in failing to consider relevant evidence at the compensation hearing.[3]

With respect to the scope of our review of the record on appeal, Tenn. Comp. R. and Regs. 0800-02-22-.02(1) provides that:

> The parties to an appeal have the responsibility to ensure a complete record on appeal. The record on appeal shall consist of: (1) all papers filed in the trial court [with certain exceptions]; (2) exhibits; (3) a transcript or statement of the evidence, if any; (4) briefs filed before or after the filing of the notice of appeal; and (5) any other document(s) designated by a party and approved by the court of workers' compensation claims pertaining to the issues decided in that court and pertinent to an issue on appeal.

At the beginning of the compensation hearing, the trial court stressed that this trial was "like starting all over." The court informed both parties that they could not rely on

---

[3] Prior sworn testimony, even if previously filed with the court in the context of an interlocutory appeal, is not automatically deemed "evidence" at trial. Instead, consistent with Tennessee Rule of Evidence 804(b)(1) and binding precedent, such prior sworn testimony must be offered into evidence and, if an objection is raised, deemed admissible by the court. *See, e.g.*, *Citadel Invs., Inc. v. White Fox, Inc.*, No. M2003-00741-COA-R3-CV, 2005 Tenn. App. LEXIS 292, at *25 (Tenn. Ct. App. May 17, 2005) (admissibility of prior sworn testimony "depends on whether the statements fall within one of many hearsay exceptions").

what was said at the expedited hearing and emphasized that "you've got to testify again just like you are starting all over. That's the first thing I want [you] to know." The court asked both Employer and Employee to consider the exhibits that would be "crucial and relevant" to the court's decision on the issues before it, including the transcript of the expedited hearing. Both Employee and Employer agreed that the transcript did not need to be included in the record during the following exchange:

The Court: All right. Number 6, the expedited hearing transcript, that doesn't need to be in there.

Ms. Stevenson: That doesn't need to be in there.

. . . .

Mr. Brown: Having removed all the pages that Ms. Stevenson asked to be removed, I'm left with the phone message, the discharge summary and the alternative C-30A form, and that's it, just those four pages?

Ms. Stevenson: Yes.

The Court: Ms. Stevenson, is that right?

Ms. Stevenson: That's correct.

The Court: Now, we're down to four pieces of paper.

Ms. Stevenson: That's correct, Your Honor.

Mr. Brown: I agree with all that.

It is clear from the record that the trial court discussed the expedited hearing transcript with both parties, and Employee was not only was aware but also agreed that it would not be included in the technical record. Moreover, it was not made an exhibit at trial. Thus, to the extent resolution of the issues raised by Employee depends on factual determinations based on testimony at the expedited hearing, the lack of the expedited hearing transcript in the record on appeal proves fatal to those claims. It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(a); *see also State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Ct. Crim.

App. 1992).[4]  Mere statements of a party or counsel, "which are not appropriate proffers or not effectively taken as true by the parties, cannot establish what occurred in the trial court unless supported by evidence in the record."  *State v. Thompson*, 832 S.W.2d 577, 579 (Tenn. Ct. Crim. App. 1991).  Accordingly, testimony from the expedited hearing that is not part of the technical record at trial, not reiterated during testimony at trial, and not part of the record on appeal will not be considered for purposes of our review.[5]

*Temporary Total Disability Benefits*

To qualify for temporary total disability benefits, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability.  *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)).  An employee's entitlement to temporary total disability benefits ends when the employee either reaches maximum medical improvement or is able to return to work.  *See Simpson*, 564 S.W.2d at 955 ("Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery.").

On appeal, Employee asserts she is entitled to three additional periods of temporary total disability: May 26, 2020, through June 3, 2020; April 25, 2021 through May 19, 2021; and September 23, 2021 through October 31, 2021.  In support of Employee's claim with respect to the first time period noted above, Employee references her testimony at trial in which she stated that she was off for a week following her emergency room visit of May 25, 2020.  In addition, Employee testified that after her emergency room visit, the hospital gave her paperwork that noted she "was not allowed to go to work until after I had seen the doctor that they assigned me to."  Yet, the records from the Skyline emergency department admitted into evidence do not include any statement of work restrictions.  Thus, there is no documentary evidence corroborating Employee's testimony on this issue, and we discern no error in the trial court's decision not to award temporary disability benefits for this period.

Employee next contends she was unable to work from April 25, 2021 through May 19, 2021.  We first note that, at trial, Employee advised the court she was not seeking temporary *partial* disability benefits; as a result, Employee has waived any claim she may

---

[4] Although the Workers' Compensation Appeals Board is not bound by the Tennessee Rules of Appellate Procedure, we consider those rules to be instructive.  *See Yarbrough v. Protective Services Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *12 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).

[5] Despite the fact that the transcript from the previous hearing was not made part of the technical record at trial, the court's expedited hearing order and our prior opinion affirming that order are part of the record on appeal and have been considered as they pertain to the issues raised by appellant.

have for those benefits. With respect to the period of April 25 through May 19, Employee testified at trial that, after Dr. Joyner made his surgical recommendation, she did not communicate to Employer that she intended to proceed with shoulder surgery. Employee also testified that she stopped working for Employer around "the last week of April." Although she could not identify the specific date, Employee asserted that she did not voluntarily leave her employment but was "asked to leave." However, no testimony was elicited from any witness verifying the date she stopped working. In her brief on appeal, Employee also asserts Dr. Joyner testified that he "verbally provided Employee restrictions following the April 20, 2021, appointment wherein the shoulder surgery was recommended." However, when questioned with regard to work restrictions following the April 20 visit, Dr. Joyner testified as follows:

Q:     Did you place Ms. Ruggieri under any restrictions following the April 20, 2021, appointment?

A:     Lets see. At that time, she was still not under workers' compensation, *so I don't believe we did a work-related restriction.*

Q:     What restrictions – what restrictions would you place the patient under following that April 20, 2021 appointment? Though they were not spelled out in the record, I assume the patient is not free to do whatever they want?

A:     It may vary, but generally however avoid overhead use, limited lifting to 5 or 10 pounds. Some of that would be dictated by their level of comfort with different activities at the time.

Q:     And were those –

A:     – but avoid heavy lifting.

Q:     Okay. And you would have communicated that to the patient at the time of the appointment?

A:     Yes.

Q:     It didn't make it into the record because it was not adjudicated to workers' comp at the time?

A:     Right.

(Emphasis added.) Here, there are no medical records or testimony from Dr. Joyner providing specific work restrictions to Employee for this period of time. A provider

8

testifying in hindsight to certain light duty work restrictions he *may* have provided is not sufficient to support an award of temporary *total* disability benefits when there is no evidence that the employer was aware of any such restrictions at the time or had any opportunity to accommodate such restrictions.

In *McKim v. Stansell Electric Company, Inc.*, No. 2022-07-0215, 2023 TN Wrk. Comp. App. Bd. LEXIS 11 (Tenn. Workers' Comp. App. Bd. Feb. 22, 2023), the employer argued that a doctor's failure to include information regarding the employee's ability to work in the medical records she provided to the employer was fatal to a claim for temporary total disability benefits. *Id.* at *10-11. In preparation for a hearing, the doctor was sent a questionnaire asking if the employee would have remained off work from the time she began treatment until the present date and responded in the affirmative. *Id.* at *4-5. We concluded that the doctor's failure to document work restrictions in her treatment notes was not, in and of itself, determinative of whether the employee was entitled to temporary disability benefits. *Id.* at *11. In doing so, we stated that:

> We are aware of no statutory provision or other binding precedent supporting Employer's view that a treating physician's delay in addressing work restrictions excuses an employer from its obligation to pay temporary disability benefits if an employee comes forward with sufficient evidence supporting such an award. Although there may be circumstances where a delay in obtaining such information could render the evidence less reliable or persuasive, it is the trial court's role to assess and weigh that evidence to determine if Employee has met the applicable burden of proof. In this instance, we find the evidence does not preponderate against the court's order for the payment of additional temporary disability benefits.

*Id.* at *13. Thus, the physician in *McKim* supported the employee's claim that she was completely unable to work from the date of her initial appointment to the date the physician responded to the inquiry, and we affirmed an award of temporary total disability benefits under those circumstances. *Id.*

Here, unlike in *McKim*, the doctor did not state that Employee would have been completely unable to work for the relevant period of time; instead, he testified about general light duty restrictions, dictated by the patient's level of discomfort, which likely were communicated to Employee at the time of the appointment but were not documented in his written report. There is no evidence that this information was communicated to Employer at the time, and there is no evidence Employer was given any opportunity to accommodate any restrictions Dr. Joyner discussed with Employee. Finally, the assigning of the kind of restrictions described by Dr. Joyner may have implicated Employee's eligibility for temporary *partial* disability benefits, but the parties agreed Employee was not making a claim for any such benefits. Thus, under the circumstances presented here, we discern no reversible error with regard to this issue.

9

Finally, Employee claims she is entitled to temporary benefits for the period of September 23 through October 31, 2021, based on work restrictions put in place by Dr. Joyner. Dr. Joyner placed Employee on light duty restrictions following her September 22 and October 13, 2021 office visits. These work restrictions remained in place until Employee's visit of November 10, 2021. Employee testified that her last day of work for Employer was during the last week of April 2021, and she obtained a temporary position at H.E. Parmer that "[m]ust have been in November" following her surgery. Employee also testified that she would have been able to do accounting work prior to November 2021 but had not obtained such employment. Nevertheless, Employee contends she is entitled to temporary *total* disability benefits for the period of lost time between her last day with Employer and her first day of temporary work with H.E. Parmer. As noted above, Employee did not assert a claim for temporary partial disability benefits at trial. Further, Employee was unable to identify the precise dates on which she stopped working for Employer and began working for H.E. Parmer. Moreover, although she was not employed, she testified that she was capable of working prior to starting work with H.E. Parmer, which supports a finding that her temporary disability, if any, was partial and not total. For these reasons, we conclude Employee failed to meet her burden of proof on the issue of entitlement to additional temporary total disability benefits, and we find the evidence does not preponderate against the trial court's decision not to award such benefits.

*Attorneys' Fees*

Tennessee Code Annotated section 226(d)(1) provides that, to qualify for an award of additional attorneys' fees, an employee must show either: (A) that the employer failed to furnish appropriate medical treatment *as provided for in a court order*; or (B) that the employer wrongfully denied the employee's claim for benefits in circumstances where the Employer's decision was deemed erroneous, incorrect, or otherwise inconsistent with the law or facts. Tenn. Code Ann. § 50-6-226(d)(1); *see also Walls v. United Technologies Corp.*, No. 2019-05-0371, 2021 TN Wrk. Comp. App. Bd. LEXIS 27, at *19 (Tenn. Workers' Comp. App. Bd. Aug. 6, 2021).

Employee asserts she is entitled to attorneys' fees because Employer wrongfully denied her claim initially based "on the grounds of late notice."[6] In support of Employee's argument that counsel is entitled to attorneys' fees for a wrongful denial of her claim, Employee asserts she "relied upon the trial court's representations that notice was not an issue for the trial" and contends there would have been "substantial proof in the record on the issue of notice" if the trial court had not announced "for the first time, on the day of trial, that the prior record of the case and expedited hearing transcript would not be considered." As a result, Employee argues her due process rights were violated because the trial court failed to identify the legal issues for litigation and she "was denied notice

---

[6] Although Employer had previously amended the dispute certification notice to include notice as a defense, it confirmed at the pretrial hearing that notice was not going to be raised as a defense at trial.

that a filed expedited hearing transcript and interlocutory order would be struck from the record and denied consideration by the trial court at a compensation hearing."[7]  However, while the trial court's interlocutory order states that Employee provided sufficient evidence to establish she would likely prevail at trial in proving she had a reasonable excuse for not providing timely written notice, and we affirmed that finding on appeal, neither we nor the trial court concluded that she established this fact by a preponderance of the evidence.

Moreover, the trial court did not conclude at the expedited hearing, and we did not address in the scope of the first appeal, whether Employer's decision to deny the claim was "wrongful" at the time that decision was made.  Thus, for purposes of determining whether there was a wrongful denial based on a notice defense that was later abandoned by Employer, proof on that issue was required at the compensation hearing.  Employee could have offered the transcript of the earlier hearing into evidence as an exhibit, or she could have testified to those issues at the compensation hearing.  Her assertions that she reported her accident to certain other employees, who may or may not have had managerial authority, is insufficient to establish that Employer wrongfully denied her claim at the time that decision was made.  Because the trial court's earlier decision, and our opinion affirming the decision, were interlocutory, findings of fact and conclusions of law contained therein are not binding at a compensation hearing, where the standard of proof is different.  Tenn. R. Civ. P. 54.02(1).  Simply put, regardless of whether the transcript of the interlocutory hearing was included in the record, Employee did not meet her burden of proving, either at the interlocutory hearing or at the compensation hearing, that Employer's denial was wrongful within the meaning of Tennessee Code Annotated section 50-6-226(d)(1)(B).

As stated previously, the trial judge stressed at the beginning of the compensation hearing that this was a "new trial," and the court clearly informed both parties that all necessary proof relevant to the issues at hand would need to be entered into evidence at the compensation hearing, noting the "proof today has to be at the beginning."  However, at the beginning of the hearing, Employee emphasized one "very important stipulation, that notice is no longer being argued as a defense."  The trial court agreed, stating that "notice [is] not argued as a defense, which was noted in our last status conference order."  Employer then clarified that while it was "not stipulating notice, but we're not putting a defense against it."  The court then entered into its discussion with the parties about consideration of the technical record and exhibits that would be relevant and "crucial to the Court's decision."  During this exchange, *both parties* agreed that the expedited hearing transcript would not be included in the technical record for purposes of the compensation hearing.  Of note, Employee made no objection to this exclusion and did not offer the expedited hearing transcript as an exhibit at trial.

---

[7] Employee argues she was unable to adequately prepare for trial because of the lack of notice that the expedited hearing transcript would not be considered by the court on the attorneys' fee issue.

11

At trial, Employee testified that she provided notice to her manager on May 25, 2020. The first report of injury, completed by Employee and dated May 25, 2020, indicates that the date of injury is May 7, but other proof, including Employee's testimony, indicate that it actually occurred on May 5. Both dates are outside the fifteen-day notice deadline provided by Tennessee Code Annotated section 50-6-201(a). Accordingly, at the time the denial decision was made, the only information available to Employer was that the incident occurred more than fifteen days prior to Employee's written notice. In its compensation hearing order, the trial court, in its discretion, concluded that Employee did not provide proof that Employer had wrongfully denied the claim "*at this hearing and on this record*." As a result, Employee's request for attorneys' fees pursuant to section 226(d)(1)(B) was denied. Based upon the totality of evidence, including the testimony of Employee and exhibits offered into evidence, we agree that the trial court did not abuse its discretion by declining to award attorneys' fees under these circumstances. Consequently, the issue of post-trial and pre-appeal attorneys' fees is pretermitted.

*Frivolous Appeal*

Finally, Employer asserts that Employee's appeal is frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *See, e.g.*, *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Based on the record before us, including Employee's testimony at trial, counsel's arguments regarding Employer's alleged wrongful denial, and his claim for attorneys' fees, we conclude Employee's appeal is not frivolous and decline to award attorneys' fees or costs.

**Conclusion**

For the foregoing reasons, we affirm the decision of the trial court and certify the compensation order as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| June Ruggieri | ) | Docket No. 2020-06-1452 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 37474-2020 |
| | ) | |
| Amazon.com, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| J. Allen Brown | | | | X | allen@jallenbrownpllc.com |
| Kristen C. Stevenson | | | | X | kcstevenson@mijs.com acbrock-dagnan@mijs.com telett@mijs.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov